**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LILLIE SMITH, et. al.**                                                        **PLAINTIFFS**

**VS.**                                              **CIVIL ACTION NO. 4:25-cv-112-GHD-JMV**

**BOLIVAR COUNTY, MISSISSIPPI et. al.**                              **DEFENDANTS**

**ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE PROCEDURES**

This matter is before the court *sua sponte* in light of Counter-Claimant Doris Gibson's Response to Clerk of Court [Doc. 164]. While the Court understands that Ms. Gibson, a *pro se* litigant, may have had some confusion regarding the applicability of the United States District Court for the Northern District of Mississippi's Administrative Procedures for Electronic Case Filing to *pro se* parties, the Court notes that **there are, in fact, numerous provisions therein that are applicable to *pro se* parties.**

One of the applicable provisions to *pro se* parties appears at Section III. D. 1. of the Administrative Procedures:

> All pleadings filed by a pro se party must be signed with a handwritten, "wet" signature.

Administrative Procedures for Electronic Case Filing, Section III. D. 1.

This Court has consistently held that this rule applies to unrepresented parties. *See Perry v. Mississippi Dep't of Child Prot. Servs.*, No. 1:24-CV-86-GHD-DAS, 2024 WL 2788443, at *1 (N.D. Miss. May 30, 2024) ("The second issue requiring correction involves the plaintiff's signature in Section VI. The Administrative Procedures for Electronic Case Filing state '[a]ll pleadings filed by a pro se party will be signed with a handwritten, 'wet' signature.' *See* III), D), 1). Section VI. of the plaintiff's Complaint contains only an electronic signature.").

1

Accordingly, Ms. Gibson is hereby required to sign all future pleadings with a handwritten, "wet" signature.

SO ORDERED, this the 30th day of June, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**