IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LILLIE MAE SMITH; et al.                                    PLAINTIFFS

V.                                                NO: 4:25-CV-112-GHD-JMV

BOLIVAR COUNTY, MISSISSIPPI; et al.                        DEFENDANTS

<u>OPINION</u>

Presently before the Court is the Motion to Dismiss [113] filed by four of the seven Defendants in this matter: Bolivar County, Bolivar County Board of Supervisors, Linda F. Coleman, and Robert B. Eley (collectively "moving Defendants"). The *pro se* Plaintiffs have responded in opposition. Upon due consideration of the motion and the applicable authority, the Court shall grant the moving Defendants' Motion to Dismiss and dismiss the Plaintiffs' claims against them.

In addition, the Court has before it a *pro se* non-party's motion to intervene in this matter [118], and the Plaintiffs' motions [170, 172, 174, 176, 178] to dismiss counterclaims [14, 18, 19, 22, 35] filed by five former Defendants in this case. Upon due consideration, the Court finds the motion to intervene should be denied and the Plaintiffs' motions to dismiss should be granted.

**Factual Background**

The Plaintiffs, who are proceeding *pro se*, allege (in a sprawling 61-page complaint with over 180 pages of attached exhibits) that they own "Gibson Road" in Bolivar County, and that the Defendant Bolivar County, along with six other defendants, have conspired over many years to convert Gibson Road into a public road [Plaintiffs' Second Amd. Compl., Doc. 109]. The Plaintiffs further allege that Bolivar County, aided by the other defendants, have unlawfully encroached on Gibson Road and engaged in a pattern of retaliation and unlawful conduct with respect to the Plaintiffs.

As for the Plaintiffs' specific allegations against the moving Defendants, the Plaintiffs aver Defendant Coleman (acting County Attorney for Bolivar County at the time) sent a letter in 2009 regarding the installation of a sewer line underneath Gibson Road [109-1]. The Plaintiffs allege Bolivar County then installed the sewer line, which resulted in flooding on the Plaintiffs' property [109, at 12]. The Plaintiffs allege they retained an attorney in 2012 regarding the encroachment and flooding, but did not file a state court action until July of 2017 [113-1]. That action was dismissed for failure to join necessary parties [113-3]. The Plaintiffs allege that, in the meantime, non-party Doris Gibson wrongfully granted the County an easement conveying Gibson Road to the County in 2014; this easement was adopted by the Board of Supervisors at its March 3, 2014, meeting, and Gibson Road was added to the Countywide Road Register and thus became a County-maintained roadway [113-2]. The Plaintiffs did not challenge the Board's action. *See* Miss. Code Ann. § 11-51-75 (party aggrieved by Board of Supervisors action has ten days to appeal action to Circuit Court). The Plaintiffs subsequently filed another state court lawsuit against Bolivar County in February of 2025, regarding the Plaintiffs' alleged ownership of Gibson Road [113-10]. The Plaintiffs voluntarily dismissed that lawsuit in June of 2025 [113-11].

The Plaintiffs then filed their present Complaint in this Court on July 16, 2025 [1], in which they sued twenty-seven Defendants; they filed their Second Amended Complaint, in which they name the present seven Defendants, on January 22, 2026 [109]. In their Second Amended Complaint, they assert claims under Section 1983 for procedural and substantive due process, First Amendment violations, Fourth Amendment violations, Fifth Amendment violations, Fourteenth Amendment violations, civil conspiracy under 42 U.S.C. § 1985, and a *Monell* claim against Bolivar County [109]. The moving Defendants have now filed the presently pending motion to dismiss the Plaintiffs' claims against them. The Plaintiffs oppose the motion.

2

**Rule 12(b)(6) Standard**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion

### *Statute of Limitations*

The moving Defendants argue the Plaintiffs' claims are barred by the applicable statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million*, 296 F.3d 376, 378–79 (5th Cir. 2002)). As the party asserting an affirmative defense, the Defendants have the burden to show the Plaintiffs' claims are time-barred. *United States v. Cent. Gulf Lines, Inc.*, 974 F.2d 621, 629–30 (5th Cir. 1992).

Although 42 U.S.C. § 1983 does not itself provide a limitations period, the Fifth Circuit has instructed courts adjudicating Section 1983 claims to borrow the forum state's general personal injury limitation period, which in Mississippi is three years. *Cohly v. Mississippi Institutions of Higher Learning*, No. 23-60232, 2024 WL 65432, at *2 (5th Cir. Jan. 5, 2024); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing Miss. Code Ann. § 15-1-49). For § 1983, "the statute of limitations begins to run from the moment the plaintiff *becomes aware* that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)) (emph. added). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992)).

The same logic applies to § 1985 claims. See *Newsome v. E.E.O.C.*, No. Civ.A.3:97-CV-3172, 1998 WL 792502, *4 (N.D. Tex. 1998) ("Section 1985 does not contain an express statute

4

of limitations. It is well-settled, however, that where Congress has not established a statute of limitations for a federally-created cause of action, a federal court shall 'borrow' the state statute of limitations governing an analogous cause of action.") (citing *Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 483–484 (1980)); *Muniz v. Cyprian*, No. CIV.A. 10-3349, 2011 WL 5191599, at *2 (E.D. La. Oct. 31, 2011). Courts have repeatedly held that, as with § 1983 actions, § 1985 actions sound in tort; thus all of the Plaintiffs' claims in the case *sub judice* are subject to a three-year limitations period. *Helton,* 832 F.2d at 334. Thus, the Court finds the Plaintiffs' claims against the moving Defendants, all of which are brought pursuant to either Section 1983 or Section 1985, are subject to a three-year limitations period.

Given that finding, the Court finds all of the Plaintiffs' claims against the moving Defendants, save one claim against Bolivar County regarding the towing of one of the Plaintiffs' vehicles, are time-barred. The Plaintiffs' claims all relate to their contention that Gibson Road is their property and is not a public roadway. The Plaintiffs' claims accrued in 2009, but certainly no later than 2014, and are thus all long time-barred. In 2009, the Plaintiffs received the letter noted above from the acting County Attorney regarding Gibson Road [109, at p. 14]. The Plaintiffs also aver that in 2012, Bolivar County officials were treating Gibson Road as a public road [109, at p. 14]. These events, plus others the Plaintiffs aver occurred between 2009 and 2014, clearly made the Plaintiffs aware of the existence of their alleged injuries and the connection between the moving Defendants' actions and the Plaintiffs' alleged injuries. Accordingly, all of the Plaintiffs' claims against the moving Defendants, other than one *Monell* claim discussed below, are long time-barred. These claims shall therefore be dismissed against the moving Defendants.

5

*Municipal Liability*

The Plaintiffs assert a single non-time-barred claim against Bolivar County, arguing the County wrongfully towed the Plaintiff Celestine Yeldell's vehicle in 2023 [109, at p. 38].

The Supreme Court has held a municipality may only be held liable under Section 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Governmental entities are "not vicariously liable under § 1983 for [their] employees' actions." *Connick*, 563 U.S. at 60. Thus, there is no *respondeat superior* liability under § 1983; rather, the key to municipal liability is demonstrating a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

To establish constitutional liability under *Monell*, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009). "Boilerplate

6

allegations of municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient.'" *Vess v. City of Dallas*, No. 3:21-CV-1764, 2022 WL 625080, at *5 (N.D. Tex. Mar. 3, 2022).

Here, the Court finds the Plaintiffs have failed to adequately allege either a policy or a pattern that sufficiently supports their claim an unlawful custom or practice exists in Bolivar County with respect to the Plaintiffs' alleged injury related to the towed vehicle. First, they have not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or custom was the "moving force" behind their alleged injury. Here, the Plaintiffs do nothing more than allege the subject vehicle was towed from private property without legal authority [109, at p. 38]. This is insufficient to establish the first element of their municipal liability claim. *Johnson v. Harris County*, 83 F.4th 941, 946-47 (5th Cir. 2023); see *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (holding "[a] pattern requires similarity and specificity). Further, the Plaintiffs have not pointed to any unconstitutional "policy statement, ordinance, regulation or decision that is officially adopted" by the County such that the potential imposition of municipal liability is appropriate. *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000). The Plaintiffs' sole non-time-barred claim against Bolivar County shall, therefore, be dismissed.

### *Motion to Intervene*

The *pro se* non-party Terrell Gibson, seeking to represent the rights of the long-closed Estate of Eddie Gibson, seeks to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Court finds this motion should be denied.

Under Rule 24, a putative intervenor must meet four elements before a court must permit intervention:

(1) The application to intervene must be timely;

(2) the applicant must have an interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter, impair or impede his ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

The Court finds the putative intervenor in this action (Gibson) does not meet elements two or three of the required test; the Court shall therefore deny his motion to intervene. To meet the second and third elements, the movant's interest must be "direct, substantial, and legally protectable" and the movant must show the disposition of the action may, as a practical matter, "impair or impede the movant's ability to protect that interest." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014); *La Union*, 29 F.4th at 307.

Here, the party on whose behalf Gibson seeks to intervene, the Estate of Eddie Gibson, lacks the capacity to sue under Mississippi law because that estate was fully and finally closed almost twenty years ago, on September 30, 2008 [87-1]. *Delta Health Group, Inc. v. Estate of Pope*, 995 So. 2d 123, 125 (Miss. 2008) (only an open estate may pursue legal claims on its behalf). In addition, the purported intervenor, Terrell Gibson, was not the Administrator or Executor of the subject estate, and the only party authorized to sue on behalf of an estate under Mississippi law is the Administrator or Executor of the estate. Miss. Code Ann. § 91-7-233; *Estate of Pope*, 995 So. 2d at 126.

In any event, even if Gibson could seek to intervene on the Estate's behalf, doing so would be futile because any right possessed by the Estate is long time-barred. As the Court previously noted, Doris Gibson, on behalf of the subject Estate as its Administratrix, granted Bolivar County

8

an easement conveying Gibson Road in 2014 [132-2]. Any claim possessed by the Estate was then subject to a three-year statute of limitations that expired in 2017, over nine years ago. *City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 563 (Miss. 2017); *Sturdivant v. Coahoma City*, 303 So. 3d 1124, 1132 (Miss. Ct. App. 2020). Accordingly, the Court denies Gibson's motion to intervene in this action.

### Counterclaims

Five former parties to this action (Linda Brown, the Estate of Leandrew Priest, the Estate of Deborah Carter, Doris Gibson, and the Estate of Odessa Carter) filed counterclaims against the Plaintiffs [14, 18, 19, 22, 35].[1] The Plaintiffs now move [170, 172, 174, 176, 178] to dismiss those counterclaims, essentially for failure to state a plausible claim to relief.

The Court agrees with the Plaintiffs that all of these counterclaims should be dismissed. None of them state a plausible claim to relief. All the subject counterclaims, many of which are identical and appear to be copied from each other, simply list causes of action against the Plaintiffs without any factual support whatsoever. This is plainly insufficient to state a plausible claim to relief. *Webb*, 522 F. App'x 238, 241 (5th Cir. 2013) (*per curiam*) (holding "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim" and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Emesowum*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (holding "[d]ismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555, 570). Accordingly, the Court finds these counterclaims should be dismissed.

---

1     These five parties were named as defendants in the Plaintiffs' original complaint [1], but were not named as defendants in the Plaintiffs' currently-operative Second Amended Complaint [109].

**Conclusion**

For the reasons stated above, the Court finds that Defendants' Bolivar County, Bolivar County Board of Supervisors, Linda F. Coleman, and Robert B. Eley's Motion to Dismiss [113] should be granted, and the Plaintiff's claims against these four Defendants dismissed. The Court also finds the non-party *pro se* Terrell Gibson's motion to intervene [118] should be denied. The Court further finds the Plaintiffs' motions to dismiss counterclaims [170, 172, 174, 176, 178] should be granted, and those counterclaims [14, 18, 19, 22, 35] dismissed. In addition, the motions seeking an oral hearing [169, 180] shall be denied, and the *pro se* non-party motion to dismiss [181] and motion to amend [183] shall be denied as moot. Finally, the Plaintiff's claims against the remaining Defendants, Eley/McPherson Engineering, P.A., Kelvin Williams, and Aelicia Thomas, are not impacted by this ruling and those claims shall proceed at this juncture.

An order in accordance with this opinion shall issue this day.

This, the 30ᵗʰ day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE